# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES NEWTON, | |
|           Plaintiff, | Case No. 2:16-cv-01672-APG-GWF |
| vs. | **REPORT AND RECOMMENDATION** |
| STATE OF NV, | Application to Proceed *in Forma Pauperis* (ECF No. 10) and Screening of Complaint (ECF No. 1) |
|           Defendant. | |

This matter is before the Court on Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 10), filed on August 25, 2016.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant State of Nevada has violated his civil rights by subjecting him to double jeopardy, loss of wages, unjust and unconstitutional confinement, and cruel and unusual punishment. Plaintiff alleges that the State of Nevada violated his constitutional rights found in the double jeopardy clause of the 5th Amendment, and the due process clause of the 14th Amendment. Plaintiff seeks general and compensatory relief.

## DISCUSSION

### I.   Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result,

Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a party who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.

1  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not
2  suffice. *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from
3  plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

4  The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832
5  F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints. *Ferdik v.*
6  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to
7  supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union*
8  *Admin*., 12 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268
9  (9th Cir. 1982).

10  **III.**     **Instant Complaint**

11  Plaintiff alleges that Defendant's actions surrounding his arrest and imprisonment for
12  lifetime supervision violations after he had already served a 48 to 144 month sentence constitute
13  cruel and unusual punishment as well as unjust and unconstitutional confinement under the 5th
14  Amendment to the United States Constitution. Plaintiff further asserts that the arrests and
15  imprisonment occurred without due process under the 14th Amendment.

16  42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by
17  the Constitution and federal statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989).  In order to
18  state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the
19  Constitution and the laws of the United States, and must show that the alleged deprivation was
20  committed by a person acting under color of law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *see*
21  *also Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982).  A person acts under "color of law" if he
22  "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer
23  is clothed with the authority of state law." *West*, 487 U.S. at 49.

24  States, and any governmental agency that is an arm of the state, are not a "person" for
25  purposes of § 1983. *See, e.g.*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997);
26  *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993).  Section 1983 lawsuits filed against states are
27  legally frivolous because they are barred by the Eleventh Amendment. *Jackson v. State of Ariz.*, 885
28  F.2d 639, 641 (9th Cir. 1989) *superseded on other grounds by statute as stated in Lopez v. Smith*,

3

203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Although the text of the Eleventh Amendment does not explicitly so indicate, it grants a state immunity from suit by its own citizens, as well. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).

Plaintiff alleges that Defendant violated his 5th and 14th amendment rights by arresting him and imprisoning him for repeated violations of Plaintiff's lifetime supervision. Plaintiff brings his complaint under the auspices of § 1983. However, Plaintiff fails to name a person or government actor acting under color of law as a defendant. The State of Nevada is not a "person" for purposes of § 1983. Therefore, Plaintiff's claims against the State of Nevada lack an arguable legal basis and the Court will recommend that they be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 10) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against the State of Nevada be **dismissed** with prejudice for failure to state a claim upon which relief can be granted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

. . .

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**DATED** this 20th day of July, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge